# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12-cr-00006 |
| WILLIAM ADOLF FRANCIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

William Adolf Francis' Supplemental Motion for Compassionate Release (Doc. No. 77), is opposed by the Government (Doc. No. 78), although the Government agrees that he has exhausted available administrative remedies. In support of his motion, he relies upon several diagnosed mental health conditions: generalized anxiety disorder, depressive disorder, post-traumatic stress disorder ("PTSD"), and neuroses (Doc. Nos. 65-1 at 6–7; 77 at 2, 11; and 81 at 49), which he is currently receiving medication. (Doc. No. 81 at 55–56.) The Bureau of Prisons ("BOP") assigned him to the lowest level of mental health care for therapy treatment. (Doc. No. 65-1 at 8.) The Government argues that his mental health conditions are well-controlled in prison, do not increase his risk of severe illness from COVID-19, and hence, do not warrant release. (Doc. No. 78 at 14.) The Court agrees.

Under 18 U.S.C. § 3582(c)(1)(A), if the defendant is not a danger to the community and release is consistent with the 18 U.S.C. 3553(a) factors, the Court is authorized to grant compassionate release in certain circumstances, including when the "medical condition of the defendant" shows that the defendant is:

(I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A)(ii). As noted in United States v. Kantaris, "mental health concerns may compound a defendant's physical ailments, [but] mental health alone is not the type of condition which itself increases an inmate's susceptibility to COVID-19." No. 16-CR-3024-CJW-MAR, 2020 WL 3513702, at *4 (N.D. Iowa June 29, 2020) (citations omitted); see also United States v. Huffaker, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (concluding "that the defendant's cited medical conditions," including major depressive disorder and anxiety disorder, "are not of the severity contemplated by guideline 1B1.13's policy statement"); United States v. James, No. 15-CR-00255 (SRN), 2020 WL 3567835, at *1, *4 (D. Minn. July 1, 2020) (denying compassionate release because defendant with bipolar disorder, psychosis, major depressive disorder, and general anxiety disorder did not have any condition that increased his risk to COVID-19); United States v. Johnson, ___ F. Supp. 3d. ___, 2020 WL 3041923, at *10–11 (D.D.C. May 16, 2020) (granting compassionate release to defendant "who suffers from PTSD *in addition* to his physical vulnerabilities") (emphasis added). the medical records show that Mr. Francis is receiving medication and counseling for his mental health conditions, tolerates his medications, and reported earlier this year that his anxiety and depression were stable and well-controlled. (Doc. No. 81 at 4, 8, 49.) It appears that he can treat his anxiety disorder, depressive disorder, PTSD, and neuroses while in custody. United States v. Falls, No. 14-CR-74 CJW-MAR,

2020 WL 4193271, at *6 (N.D. Iowa July 21, 2020) (denying compassionate release to defendant with access to medication, therapy, and mental health assessments for his PTSD and depression).

Even if Mr. Francis otherwise satisfied the requirement of a serious mental health issue, the Court finds that he remains a danger to the public. U.S.S.G § 1B1.13 precludes compassionate release when a defendant is "a danger to the safety of any other person or to the community, as provided under § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) provides the factors that the Court must consider: (1) "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Mr. Francis' possession of child pornography inherently presents a danger to the community because it involves minor victims. § 3142(g)(1); United States v. Mack, No. 5:16-CR-112, 2020 WL 4012837, at *2 (N.D. Ohio July 16, 2020) (finding same with other enumerated crimes). He possessed 10,000 to 15,000 images and up to 1,000 videos depicting sexual exploitation of children. He participated in a peer-to-peer sharing of pornographic files. He pled guilty, so the weight of the evidence is strong. His mental health concerns predated his sentencing, and do not outweigh the danger he presents. Id. § 3142(g)(3). There is no evidence in the record of rehabilitation for his child pornography offense. Id.; (see Doc. No. 78 at 18). The threat Mr. Francis poses to the community is that he may again possess and exchange child pornography. 18 U.S.C. § 3142(g)(4). That threat is real and serious.

Accordingly, his Supplemental Motion for Compassionate Release (Doc. No. 77) will be denied.

3

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE